Gary M. KOONTZ and Cumis Insurance Society, Inc., Plaintiffs, Cross-Plaintiffs, Appellees,

v.

EPPERSON ELECTRIC COMPANY, Defendant-Appellee,

and

Southern Fire & Casualty Co., Third-Party Defendant-Appellant.

Court of Appeals of Tennessee, Eastern Section.

Oct. 1, 1982.

Application for Permission to Appeal Denied by Supreme Court Dec. 13, 1982.

Paul E. Parker, Knoxville, for Southern Fire & Cas. Co.

William A. Simms, Knoxville, for Cumis Ins. Soc.

OPINION

GODDARD, Judge.

Southern Fire & Casualty Company, third-party Defendant-Appellant, appeals a judgment of the Circuit Court for Knox

County. It contends that the Court erroneously found that Richard A. Hooyman, an employee of Epperson Electric Company and the driver of an Epperson vehicle which ran off the road injuring the original Plaintiff and a fellow employee, Gary M. Koontz, was not in the course of his employment at the time of the occurrence. This finding exonerated Cumis Insurance Society, Inc., third-party Plaintiff-Appellee and the uninsured motorist carrier of Mr. Koontz, and by implication inculpated Southern Fire & Casualty which insured Epperson.[1]

At the outset, we must dispose of Cumis' motion to dismiss the appeal on the ground that Southern Fire & Casualty is not an aggrieved party and thus not entitled to prosecute an appeal. In disposing of this question it is appropriate to list chronologically the pertinent portions of the rather convoluted legal proceedings in the court below:

(1) On August 28, 1978, Gary M. Koontz filed a complaint against his employer, Epperson Electric Company, and another employee, Richard A. Hooyman, seeking damages for his personal injury. Cumis, Mr. Koontz' uninsured motorist carrier, was apparently served with process, because it filed an answer.

(2) On October 4, Mr. Hooyman answered, raising the affirmative defense that the injury was covered by workman's compensation benefits which he alleged were the exclusive remedy for Mr. Koontz.

(3) On October 25, Cumis filed an answer which raised this defense and also insisted that Southern Fire afforded coverage to Mr. Hooyman, thus rendering the uninsured motorist coverage of the policy issued by Cumis inapplicable. A cross-complaint was also filed, seeking indemnity from Epperson and Hooyman for any amounts that Cumis might be required to pay.

(4) On November 25, Mr. Hooyman filed an answer to the cross-complaint, denying the right of indemnity.

(5) On March 30, 1979, Epperson answered the original complaint averring that Mr. Hooyman was in the course and scope of his employment at the time of the occurrence.

(6) On April 2, Epperson answered the cross-complaint of Cumis, making the same contention as in its answer to the original suit.

(7) On November 16, Cumis moved to sever the claim of Mr. Koontz against it and its cross-claim against Hooyman and Epperson. This motion apparently was sustained orally, although the order of severance was not entered until November 30.

(8) On November 26, judgment entered which first sustained motion of counsel for Mr. Hooyman to withdraw, then allowed Mr. Koontz a voluntary dismissal without prejudice as to Epperson. Thereupon, the Court found that at the time of the accident Mr. Koontz and Mr. Hooyman were not on the job, but were on their way to lunch. The Court then found that the issues joined in favor of Mr. Koontz and rendered judgment against Mr. Hooyman in the amount of $17,000.

(9) On December 19, 1980, order entered sustaining Cumis' motion to file a third-party complaint against Southern Fire & Casualty.

(10) On January 28, 1981, Southern Fire & Casualty answered the third-party complaint, denying its policy afforded coverage for the injuries to the original Plaintiff Mr. Koontz.

(11) On June 25, judgment entered, again finding that Mr. Hooyman and Mr. Koontz were not within the course of their employment by Epperson, and then finding that the issues joined were in favor of Cumis. The Court thereupon dismissed Mr. Koontz' suit against Cumis, Cumis' cross-action against Mr. Hooyman and Epperson, as well as its third-party action against Southern Fire & Casualty.

---

1. Under the terms of Southern's policy, coverage was not afforded for injuries to Mr. Koontz, arising out of and in the course of his employment, nor was Mr. Hooyman considered an insured "while engaged in the business of his employer with respect to injury to any fellow employee."

Southern Fire, in its response to the motion to dismiss, concedes that its right to appeal is questionable, but fears that it may be bound by the finding of facts in *Koontz v. Cumis.*

■ Under our case law only an aggrieved party has a right to prosecute an appeal. *Huggins v. Nichols,* 59 Tenn.App. 326, 440 S.W.2d 618 (1968); *Cummings v. Patterson,* 54 Tenn.App. 75, 388 S.W.2d 157 (1964); *Peoples Bank v. John Baxter,* 41 Tenn.App. 710, 298 S.W.2d 732 (1956). An aggrieved party has been defined as one having an interest recognized by law which is injuriously affected by the judgment, *In Re Bernheim's Estate,* 82 Mont. 198, 266 P. 378 (1928), or whose property rights or personal interest are directly affected by its operation, *In Re Michigan-Ohio Bldg. Corporation,* 117 F.2d 191 (1941). Under this test, Southern Fire of course would not be aggrieved unless, as has already been noted, it would be bound by the Court's finding of fact under the theory of collateral estoppel.

Before addressing collateral estoppel it is well to remember the distinction between it and *res judicata* which is succinctly set out in *Shelley v. Gipson,* 218 Tenn. 1, 12, 400 S.W.2d 709, 714 (1966), as follows:

> The doctrine of res judicata is that an existing final judgment rendered upon the merits by a court of competent jurisdiction is conclusive of the rights, questions and facts in issue as to the parties and their privies in the same action in other judicial tribunals of concurrent jurisdiction. This doctrine is distinguished from the doctrine of collateral estoppel which precludes further litigation of the particular facts on which the jury or court necessarily made findings in the former action. Restatement of Judgments, sec. 68.

While it is true the cases addressing the doctrines are not in agreement as to whether mutuality is required (*Falster v. Travelers Ins. Co.,* 216 Tenn. 137, 390 S.W.2d 673 (1965) and *Booth v. Kirk,* 53 Tenn.App. 139, 381 S.W.2d 312 (1963), hold it is necessary, while *Cotton v. Underwood,* 223 Tenn. 122, 442 S.W.2d 632 (1969); *Hammons v. Walker*

*Hauling Co.,* 196 Tenn. 26, 263 S.W.2d 753 (1953); and *Regan v. Kennedy,* 1 Tenn. 91 (1805) hold it is not), it is clear from all the cases that as to collateral estoppel, the party against whom it is asserted or a privity of such party must have been a litigant in a case where the finding of fact was determined.

In the case at bar, Southern Fire was not a party to the first suit tried, *Koontz v. Hooyman,* and the finding of fact as to that case could not be binding, nor was it a party to the severed case of *Koontz v. Cumis,* in which the finding was reaffirmed. The fact that Southern Fire participated as a third-party Defendant in the trial of *Koontz v. Cumis* does not alter our opinion, because Southern Fire was not a party in that suit. In theory, the proof on the third-party claim would not be deemed introduced or considered until the third-party plaintiff was cast in judgment, a circumstance which never occurred.

■ We, thus, conclude that Southern Fire, not being a party to the suit of Mr. Koontz against Cumis and there being no finding of fact in the case of Cumis against Southern Fire, cannot be collaterally estopped to litigate whether Mr. Hooyman was in the course of his employment with Epperson in a future suit by either Mr. Koontz or Mr. Hooyman.

■ There is an additional ground upon which the motion to dismiss may be sustained. The third-party complaint, contrary to the nature and purpose of such actions as set out in Rule 14, Tennessee Rules of Civil Procedure, in addition to seeking a judgment against Southern Fire for any judgment that might be rendered against Cumis by virtue of the original complaint, a practice which is proper under the Rule, also seeks recovery as a third-party beneficiary under the insurance policy issued by Southern Fire, a practice which we do not deem appropriate and do not believe is properly maintainable.

Under the facts of this case, if Southern Fire's policy covered Mr. Hooyman, Cumis had no liability. Conversely, if Southern

Fire's policy did not cover Mr. Hooyman, Cumis would be liable and Southern Fire would not. In the first instance Cumis would not be entitled to recover from Southern Fire because it was not cast in judgment, and in the second instance because Southern Fire had no coverage.

In sum, it is our view that the third-party complaint was improperly filed, and it and any actions by counsel for Southern Fire in defense thereof should be considered a nullity. It is true that this point has not been raised by counsel for Southern Fire, but under Rule 13 of the Rules of Appellate Procedure we are entitled to notice error not called to our attention.

It accordingly follows that the motion to dismiss is sustained and the appeal dismissed at the cost of Epperson and its surety.

SANDERS and FRANKS, JJ., concur.