IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 16, 2012 Session

**STATE OF TENNESSEE EX REL., DONNA THORN v. CLAY GENTRY**

**Appeal from the Juvenile Court for Dickson County**
**No. 04-09-092CS     A. Andrew Jackson, Judge**

_____

**No. M2012-01264-COA-R3-JV - Filed December 7, 2012**

_____

This is a proceeding to establish the arrearage for child support owed by the father to the mother of their minor child. The genesis of this matter was in 1993, when Mother filed a petition to establish paternity and set support. The Department of Human Services, Child Support Services intervened on behalf of Mother, paternity was established and child support was set. Over the next two decades Father was habitually delinquent in paying child support and Mother obtained judgements from time to time for arrearages. The most recent petition to establish the arrearage was assigned to a Child Support Magistrate in Dickson County. Following a hearing in March 2012, the magistrate ruled that Father's child support arrearage principal was $17,894.26, and that the interest on the principal, some of which had been accruing since the entry of a 1994 judgment, totaled $54,726.64. Judgment in favor of Mother was awarded by the magistrate in the gross amount of $72,620.90. Although Mother had independent counsel representing her before the magistrate, the Department appealed the magistrate's order, purportedly on behalf of Mother but over Mother's objection and despite the fact none of the proceeds were owed to the Department. The juvenile court reduced the total award to $26,937.36. Mother filed this appeal. We have determined that Mother was not aggrieved by the magistrate's decision; thus, the Department could not appeal, on behalf of Mother, a wholly favorable decision. Because the case was never properly before the juvenile court, we vacate the judgment of the juvenile court and remand with instructions to reinstate the $72,620.90 judgment awarded by the magistrate.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Vacated and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Brad W. Hornsby and Heather G. Parker, Murfreesboro, Tennessee, for the appellant, Donna Thorn.

Robert E. Cooper, Jr. Attorney General and Reporter, William E. Young, Solicitor General, and Warren Jasper, Senior Counsel, Nashville, Tennessee, for the appellee, State of Tennessee, Department of Human Resources.

**OPINION**

This appeal arises from a November 1, 2011 Petition to Establish Arrears Judgment and Interest ("the Petition") filed by the State of Tennessee *ex rel.* Donna Thornton ("Mother") against Clay Gentry in the Dickson County Juvenile Court.

The underlying case originated in the Davidson County Juvenile Court in October 1993, when Mother filed a petition to establish paternity for her minor child, Stormy N. The Department of Human Services, Child Support Services intervened in that action, and in October 1993, the Davidson County Juvenile Court issued an order finding that Clay Gentry was the biological father and setting child support at $65 per week. In June 1994, Mother was awarded an arrearage judgment in the amount of $14,791.92, and Mr. Gentry ("Father") was ordered to pay an extra $25 per week toward the arrearage. Approximately three weeks later, the Davidson County Juvenile Court entered a second order, finding Father in contempt for failing to meet his child support obligations and finding that Father's arrearage at that time equaled $15,561.

In March 2009, the Davidson County Juvenile Court entered an order finding that Father had an arrearage balance of $37,601.85, and ordered Father to begin paying $545 per month to liquidate the arrearage. The Davidson County court also transferred the case to the Dickson County.

The next pleading filed was the 2011 Petition at issue in this appeal, which the Department filed on behalf of Mother to establish yet another arrearage judgment against Father. The matter was assigned to a Child Support Magistrate in Dickson County. Although Father was duly served, he did not participate in any of the Dickson County proceedings, in person or through counsel. To Mother's surprise, however, the Department took a position adverse to Mother at the hearing before the magistrate. When that occurred, Mother requested a continuance so that she could retain private counsel to prosecute the Petition against Father. The magistrate granted her a continuance and Mother promptly retained counsel. She has been represented in this matter by her own counsel ever since.

The hearing before the magistrate took place March 13, 2012, following which the magistrate found that Father's child support arrearage was $17,894.26 for principal, and that the interest arrearage, which had been accruing since the entry of the 1994 judgment, was an additional $54,726.64. Thus, the magistrate awarded a total judgment of $72,620.90 against Father in favor of Mother.

In spite of the fact Mother was completely satisfied with the magistrate's award of $72,620.90, the Department, purportedly acting on behalf of Mother, filed a Request for Hearing to Appeal the Findings and Recommendations of the Child Support Magistrate. The Request sought to reduce the award to Mother by more than $45,000. The juvenile court granted the Department's request, and set a hearing date of April 30, 2012.

In the interim, Mother, through her counsel, filed a Motion to Dismiss the Department's Appeal, arguing that the Department was not a proper party to the action because, *inter alia*, 1) Mother was no longer receiving state assistance, 2) Mother did not owe any of her child support income to the state, and 3) the state "is not entitled to any interest on child support arrears." In response, the Department acknowledged that it had no right to recover any of the judgment awarded to Mother, stating it had previously recovered all funds to which the Department was entitled; nevertheless, the Department asserted that it had standing to appeal the magistrate's decision.

Following a hearing, the juvenile court reduced the award to Mother by $45,683.54, for a total judgment of $26,937.36, of which $16,692.87 represented unpaid principal and $10,244.49 represented interest. Mother filed a timely appeal from the ruling of the juvenile court judge. The Department opposes Mother in this appeal.

## ANALYSIS

Although several issues are presented for our review, we have determined this appeal hinges upon the legal principle that "only an 'aggrieved' party has a right to prosecute an appeal." *Koontz v. Epperson Elec. Co.*, 643 S.W.2d 333, 335 (Tenn. Ct. App. 1982) (citing *Huggins v. Nichols*, 440 S.W.2d 618 (Tenn. 1968)). In *Koontz*, this court defined an "aggrieved party" as "one having an interest recognized by law which is injuriously affected by the judgment, or whose property rights or personal interest are directly affected by its operation." *Koontz*, 643 S.W.2d at 335 (internal citations omitted) (citing *In re Bernheim's Estate*, 266 P. 378 (Mont. 1928)).

In its Response to Mother's Motion to Dismiss, the Department admitted that Mother does not owe any of her child support award to the Department. The Department further admitted in paragraph 10, that "the State is not entitled to any interest on child support

arrears." Therefore, the Department has no property right or interest in the amount of the arrearage, principal or interest, that Father owes Mother.

Tennessee Code Annotated § 71-3-124 grants the Department the authority to "file any legal actions to establish paternity or to establish, modify or enforce child or spousal support in any judicial or administrative proceeding on behalf of the department and the state for persons who have assigned rights of support to the department pursuant to this section." Tenn. Code Ann. § 71-3-124 (2012). However, this court, in *State ex rel. Strickland v. Copley*, made clear that the statute does not grant the Department unlimited authority in these cases, but rather the Department's authority is limited to the narrow confines of the statute. *State ex rel. Strickland v. Copley*, No. W2007-01839-COA-R3-CV, 2008 WL 3875425, at *4-6 (Tenn. Ct. App. Aug. 21, 2008).

Years earlier in these proceedings, when Mother was receiving public assistance, Mother assigned her child support rights to the State; however, that does not bestow upon the Department the perpetual right to control all future actions between Mother and Father as they pertain to their child. Although the Department claimed it was acting on behalf of Mother when it appealed the ruling of the Magistrate, nothing could be further from the truth. The only party to benefit from the Department's appeal of the Magistrate's award of a $72,620.90 judgment was Father; in fact that appeal benefitted Father by $45,683.54and financially injured Mother by the same amount. As noted above, the decision had no impact on the Department.

Father never participated in the Dickson County proceedings and the Department, which was purportedly representing Mother, had no right to act on behalf of Father in this matter. In fact, doing so would be a conflict of interest. Accordingly, the Department could only act on behalf of Mother in the proceedings before the magistrate, and Mother was not aggrieved by the magistrate's order; therefore the Department, acting on behalf of Mother, could not appeal the magistrate's ruling to the juvenile court judge. Accordingly, the case was never properly before the juvenile court judge.

For the reasons stated above, the juvenile court erred in allowing the Department to prosecute an appeal from the magistrate's order and the ruling resulting from that appeal must be vacated.

**IN CONCLUSION**

We vacate the judgment of the juvenile court and remand with instructions to reinstate the order issued by the magistrate, wherein Mother was granted a judgment for $17,894.26 in child support arrears plus interest to date of $54,441.43, for a total amount of $72,335.69.

Further, Mother is entitled to post-judgment interest at the rate of 12% interest per annum on the magistrate's order. Tenn. Code Ann. § 36-5-101(f)(1).

This matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against the Tennessee Department of Human Services, Child Support Division.

_____

FRANK G. CLEMENT, JR., JUDGE