IN THE COURT OF APPEALS OF TENNESSEE
AT  KNOXVILLE
Assigned on Briefs April 30, 2015


**JOSEPH J. HOLT v. TRUSTEE OF THE WILLOUGHBY CUMBERLAND PRESBYTERIAN CHURCH CEMETARY, ET AL.**


**Appeal from the Chancery Court for Greene County**
**No. 20130107        Douglas T. Jenkins, Chancellor**

---

**No. E2014-01502-COA-R3-CV – June 22, 2015**

---

Hal H. Lane appeals the May 20, 2014 Declaratory Judgment of the Chancery Court for Greene County ("the Trial Court").  We find and hold that Mr. Lane is not an aggreived party to this judgment and, therefore, lacks standing to appeal the judgment.  We, therefore, affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., C.J., and JOHN W. MCCLARTY, J., joined.

Jeffrey A. Cobble, Greeneville, Tennessee, for the appellant, Hal H. Lane.

Douglas L. Payne, Greeneville, Tennessee, for the appellees, Joseph J. Holt as Personal Representative of the Estate of Georgia Myers Smelcer, and the Estate of Georgia Myers Smelcer.

Judy S. Robinson, Greeneville, Tennessee, Administratrix ad litem for the Estate of Georgia Myers Smelcer.

Whittney N.L. Good, Greeneville, Tennessee, Guardian ad litem for unknown heirs of the Estate of Georgia Myers Smelcer.

# MEMORANDUM OPINION[1]

Joseph J. Holt, Personal Representative of the Estate of Georgia Myers Smelcer, filed a complaint for declaratory judgment seeking, in part, to have the Trial Court construe the Last Will of Georgia Myers Smelcer ("the Will") with regard to trusts created by the Will and the Will's residuary clause. The instant suit was consolidated for purposes of trial with the suit titled *In Re: Estate of Georgia Myers Smelcer*, Trial Court number 12P00043. Hal H. Lane appealed the Trial Court's judgment in *In Re: Estate of Georgia Myers Smelcer*, and we affirmed the Trial Court's judgment in that case in our Opinion *In re: Estate of Georgia Myers Smelcer,* No. E2014-01499-COA-R3-CV, filed contemporaneously with this Opinion.

George E. Myers filed a Motion for Determination of Beneficiaries in the instant suit alleging, in part, that he was an heir of Georgia Myers Smelcer and therefore "entitled to be the beneficiary of all assets not specifically delineated in the Will." Mr. Lane filed a response to Mr. Myers's motion requesting the Trial Court "enter an order overruling the motion and dismissing the claim of George E. Myers."

In its Declaratory Judgment entered on May 20, 2014, the Trial Court, *inter alia* and as pertinent to this appeal, entered an order as requested by Mr. Lane and denied Mr. Myers's motion seeking to be declared an heir of Georgia Myers Smelcer. Mr. Lane appealed the Trial Court's Declaratory Judgment to this Court.

Mr. Lane filed a motion seeking leave to supplement his principal brief on appeal to add references to the record on appeal. Mr. Lane's brief on appeal is deficient in that it fails to comply with Tenn. R. App. P. 27 and R. Ct. App. 6. Given the dispositive issue in this appeal, however, in the exercise of our discretion pursuant to Tenn. R. App. P. 2 we will proceed to consider the appeal. *Diggs v. LaSalle Nat'l Bank Assoc.*, 387 S.W.3d 559, 563-64 (Tenn. Ct. App. 2012). We, therefore, deny Mr. Lane's motion to supplement his principal brief as moot.

In his brief on appeal Mr. Lane attempts to raise the same issue that he raised *In re: Estate of Georgia Myers Smelcer*. We addressed this issue fully and completely in our Opinion in *In re: Estate of Georgia Myers Smelcer*, No. E2014-01499-COA-R3-CV, filed contemporaneously with this Opinion.

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

The dispositive issue in the appeal now before us is whether Mr. Lane has standing to appeal the Trial Court's May 20, 2104 Declaratory Judgment. This presents an issue of law, which we review *de novo* with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

Standing is a judge-made doctrine by which a court determines whether a party should be permitted to pursue a claim. *City of New Johnsonville v. Handley*, No. M2003–00549–COA–R3–CV, 2005 WL 1981810, at *15 n.23 (Tenn. Ct. App. Aug. 16, 2005), *Rule 11 appl. perm. appeal denied Feb. 6, 2006*. We have stated that the basis for this decision is "whether the plaintiff has alleged a sufficiently personal stake in the outcome of the litigation to warrant a judicial intervention." *Wood v. Metro. Nashville & Davidson County Gov't*, 196 S.W.3d 152, 157 (Tenn. Ct. App. 2005). As this Court has explained:

> Standing limits access to the courts to those who have a justiciable claim. *Thomas v. Tenn. Dep't of Transp.*, No. M2010–01925–COA–R3–CV, 2011 WL 3433015, at *6; 2011 Tenn. App. LEXIS 426, at *18–19 (Tenn. Ct. App. Aug. 5, 2011); *Wood v. Metro. Nashville & Davidson Co. Gov't,* 196 S.W.3d 152, 157 (Tenn. Ct. App. 2005); *Metro. Air Research Testing Auth., Inc. v. Metro. Gov't of Nashville & Davidson Co.*, 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992). In order to have standing to appeal a trial court's order, a party must be "aggrieved" by the order. *Clark v. Perry*, No. 02A01–9704–CH–00080, 1998 WL 34190562, at *7; 1998 Tenn.App. LEXIS 194, at *19 (Tenn. Ct. App. Mar. 19, 1998) (citing *Ray v. Trapp*, 609 S.W.2d 508, 512 (Tenn. 1980); *Koontz v. Epperson Elec. Co.*, 643 S.W.2d 333, 335 (Tenn. Ct. App. 1982)).

*In re: Montana R.T.*, No. E2011-00755-COA-R3-PT, 2012 WL 2499498, at *5 (Tenn. Ct. App. 2012), *no appl. perm. appeal filed*.

We further have explained:

> Only a party aggrieved by the trial court's order may appeal and obtain review of that order. *Ray v. Trapp*, 609 S.W.2d 508, 512 (Tenn. 1980); *Koontz v. Epperson Elec. Co.*, 643 S.W.2d 333, 335 (Tenn. App. 1982). A party is "aggrieved" when he has an interest recognized by law which is injuriously affected by the order, or when his property rights or personal interests are directly affected by operation of the order. *Koontz*, 643 S.W.2d at 335.

*Clark v. Perry*, No. 02A01-9704-CH-00080, 1998 WL 34190562, at *7 (Tenn. Ct. App. 1998), *no appl. perm. appeal filed*.

The Trial Court granted the only relief sought by Mr. Lane in this suit when it denied Mr. Myers's claim. As Mr. Lane was granted the only relief he sought in this suit, he cannot be considered an aggreived party to the Trial Court's Declaratory Judgment. As Mr. Lane is not an aggreived party to this suit, he lacks standing to appeal the Trial Court's Declaratory Judgment.

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Hal H. Lane, and his surety.

_____
D. MICHAEL SWINEY, JUDGE