# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 1, 2016 Session

## PRIMESTAR FUND 1 TRS, INC. v. CLARENCE ARNOLD RIGGS, ET. AL.

**Appeal from the Circuit Court for Coffee County**
**No. 42200     Vanessa Jackson, Judge**
———————————————————

**No. M2016-00245-COA-R3-CV – Filed November 8, 2016**
———————————————————


Corporate plaintiff filed an action for possession of real property.  An individual claiming to be a partner in a limited partnership with an ownership interest in the real property moved to intervene in the action.  The trial court granted plaintiff possession of the real property.  The individual appeals the judgment for possession. We conclude that, because he was not aggrieved by the adjudication, the individual lacks standing to appeal.  Moreover, because he is not a licensed attorney, he may not represent the limited partnership in this action.

## Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Robert Eugene Hulan, Manchester, Tennessee, appellant, pro se.

Bret J. Chaness, Peachtree Corners, Georgia, for the appellee, Primestar Fund 1 TRS, Inc.

**MEMORANDUM OPINION**[1]

On February 22, 2006, Arnold Riggs and Pamela Riggs executed a deed of trust for property known as 324 Grandview Dr., Manchester, Tennessee (the "Property"). The deed of trust secured, among other things, a promissory note made by the Riggses in favor of Mercantile Mortgage Co. The deed of trust was recorded in the Office of the Register of Deeds for Coffee County, Tennessee, on March 3, 2006.

The Riggses defaulted on their obligations under the promissory note and deed of trust, and a successor trustee under the deed of trust conducted a foreclosure sale of the Property on October 18, 2013. The successor trustee conveyed the Property to PROF-2012-S1 REO I LLC. The following year, PROF-2012-S1 REO I LLC transferred the Property to Wilmington Savings Fund Society, FSB, as trustee, and on March 26, 2015, Wilmington Savings Fund Society, FSB, transferred the Property to Primestar Fund I TRS, Inc. ("Primestar").

Primestar filed a detainer warrant in the General Sessions Court for Coffee County, Tennessee, seeking only possession of the Property. The detainer warrant named as defendants the Riggses, Rhonda Sweatland, "'and All Others.'" None of the named defendants appeared for the hearing in general sessions court, but Robert Hulan did.[2] Mr. Hulan testified that he had repaired or worked on the residence located on the Property and that, in payment for that work, the Property was transferred by the Riggses to the Sherry Renee Hulan Family Limited Partnership.

Ultimately, the general sessions court dismissed the warrant because Primestar was unable to prove it was the owner of or otherwise entitled to possession of the Property. Primestar appealed to the Circuit Court of Coffee County, Tennessee, and filed a motion for summary judgment. In its statement of undisputed material facts, Primestar recounted and provided certified copies of all the filings related to the Property recorded with the register's

---

[1] The rules of our Court provide as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

[2] Mr. Hulan was served at the Property but admitted during his general sessions court testimony that he did not live on the Property.

2

office, including the deed to Primestar. The filings also included two documents supportive of Mr. Hulan's claims in general sessions court.

The first document was an affidavit of Mr. Riggs. The affidavit provided, in part, as follows:

> In the year [sic] of 2009, 2010, and 2011, Robert Hulan repaired and/or had repaired or completed work on our home at 324 Grandview Drive Manchester, TN. [sic] 37355. Affiant was not able to pay Robert Hulan or could only pay partially what was owed him. Affiant still owes Robert Hulan $24,200 (twenty-four thousand two-hundred) total. Robert Hulan, during those years repaired leaks in chimney many times, repaired leaks in sunroom roof, leaks around windows, painted house, pressure washed and stained and sealed exterior of house, cut large tree down, and hauled off, put new roof on house, repaired metal on eaves of house, many other smaller jobs too numerous to write down. Affiant has Quit claimed [sic] land to Sherry Renee Hulan limited partnership for payment in full of twenty four thousand two hundred dollars $24,200 to satisfy mechanical lien for work completed. Labor and materials.

The second document was a quitclaim deed from the Riggses to the Sherry Renee Hulan Family Limited Partnership. Both documents were executed and recorded the same day, September 30, 2013, over seven and one-half years after the recording of the deed of trust.

Mr. Hulan, pro se, filed a motion for leave to intervene in the case and a request for a continuance of the hearing on the motion for summary judgment. But, on November 9, 2015, the circuit court granted summary judgment and, by doing so, implicitly denied intervention by Mr. Hulan. The court found that Primestar was entitled to possession of the Property and awarded a writ of possession. Mr. Hulan appealed the judgment to this Court.[3]

## ANALYSIS

Primestar seeks dismissal of this appeal based upon lack of standing. Only a party aggrieved by a judgment may appeal and obtain review of that judgment. *Ray v. Trapp*, 609 S.W.2d 508, 512 (Tenn. 1980); *Koontz v. Epperson Elec. Co.*, 643 S.W.2d 333, 335 (Tenn. Ct. App. 1982). A party is "aggrieved" by a judgment (1) when he has "an interest recognized by law which is injuriously affected by the judgment," or (2) when his "property rights or personal interests are directly affected by [the judgment's] operation." *Koontz*, 643 S.W.2d at 335. Neither circumstance is present here.

---

[3] Mr. Hulan's appeal does not address his motion to intervene.

3

Although the issues presented by Mr. Hulan repeatedly make reference to "the private property of a civilian citizen," we fail to see how Mr. Hulan's interests were impacted by the judgment of the trial court. The judgment only granted Primestar possession of the Property. Mr. Hulan does not occupy the Property, and by his own admission, he does not own the Property. Mr. Hulan's position is that the Sherry Renee Hulan Family Limited Partnership is the rightful owner of the Property. The only personal interest Mr. Hulan asserts is a lien on the Property, but even accepting that assertion as true, the judgment did not address and would not impact liens on the Property.

Mr. Hulan can only represent his own interests. At times, Mr. Hulan refers to himself as if he is synonymous with the Sherry Renee Hulan Family Limited Partnership. For example, his brief references the "HULAN FAMILY LIMITED PARTNERSHIP/robert Eugene: hulan" or "robert euegene: hulan/HULAN LIMITED PARTNERSHIP and/or the living man, Civilian Citizen."[4] But, generally, partners in a limited partnership have no interest in specific partnership property. *See, e.g.*, Tenn. Code Ann. § 61-2-701 (2013) ("A partner has no interest in specific limited partnership property."). Further, we may not consider Mr. Hulan's appeal as being on behalf of the Sherry Renee Hulan Family Limited Partnership. This Court has previously held that a general partner may not represent a limited partnership unless he is a licensed attorney. *Inv'rs Grp., I Ltd. v. Knoxville's Cmty. Dev. Corp.*, No. E1999-00395-COA-R3-CV, 2001 WL 839837, at *2 (Tenn. Ct. App. July 25, 2001).

## CONCLUSION

Because we conclude that Mr. Hulan was not aggrieved by the judgment granting Primestar possession of the Property, Mr. Hulan lacked standing to pursue this appeal. Accordingly, we dismiss the appeal.

_____
W. NEAL MCBRAYER, JUDGE

---

[4] Stylizing a name with a colon and/or using only lower case letters for a name is typical of a "sovereign-citizen." *See, e.g.*, *Taylor v. Adduci*, No. 7:15-CV-1301-JHH-JHE, 2016 WL 3916101, at *1 (N.D. Ala. July 20, 2016). At oral argument, Mr. Hulan denied being a sovereign citizen, and whether he is or not has no bearing on this appeal.

4