[No. 24684. Department One. December 19, 1933.]

ED ELTERICH *et al., Respondents,* v. BEN ARNDT, *Appellant,* WALTER A. BAAR, *as Treasurer of Clallam County, et al., Defendants.*[1]

*Joseph H. Johnston* and *Wm. J. Conniff,* for appellant.

*Trumbull, Severyns & Trumbull,* for respondents.

MILLARD, J.—In an action instituted on the relation of five taxpayers of Clallam county for injunctive relief against

"... Clallam county, a municipal corporation; Walter A. Baar, as treasurer of Clallam county, the board of county commissioners of Clallam county, consisting of J. L. Keeler, Albert G. Draper and Ben Arndt; First National Bank in Port Angeles, a corporation; and Basil Hoke, sole trader doing business

[1] Reported in 27 P. (2d) 1102.

as the Olympic Builders Supply Company, and J. J. Swift,''

the relators were awarded a temporary restraining order enjoining Walter A. Baar, as the treasurer of Clallam county, from calling or paying certain warrants drawn against the general road and bridge fund of Clallam county; and

''. . . the defendants J. L. Keeler, Albert G. Draper and Ben Arndt, as the board of county commissioners of Clallam county be, and you are hereby, restrained and enjoined from letting any contract for the construction of any bridge,'' etc.

Ben Arndt, ''as a member of the board of county commissioners of Clallam county, Washington, and as an individual, feeling himself aggrieved,'' has appealed from the temporary restraining order.

Respondents have interposed a motion to dismiss the appeal on the ground that the appellant has no appealable interest and is not an aggrieved party in the cause. The motion must be granted.

The record fails to disclose that, as an individual, the appellant has a substantial interest in the subject matter of the litigation, or that, as an individual, he was aggrieved or prejudiced by the temporary restraining order. A person can have no standing to appeal unless he has a substantial interest in the subject matter of the litigation and is aggrieved or prejudiced by the judgment or decree.

''And not only must a party desiring to appeal have an interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. . . .

''In addition to the requirement of a substantial interest in the subject-matter of the litigation, it is essential, in order that a person may appeal or sue out a writ of error, that he shall be aggrieved or prejudiced by the judgment or decree; appeals are not allowed

for the purpose of settling abstract questions, however interesting or important to the public generally, but only to correct errors injuriously affecting the appellant. The record must show that the party complaining was aggrieved by the judgment, as a reviewing court cannot hear evidence to determine that question. The damage or grievance which entitled a party to a writ of error or an appeal, within this rule, must be a direct and positive one, effected by the judgment concluding and acting upon his rights; and such damage must be by the record, and not in consequence of it. Persons aggrieved, in this sense, are not those who may happen to entertain desires on the subject, but only those who have rights which may be enforced at law, and whose pecuniary interests might be established in whole or in part by the decree; in other words, the mere fact that a person is hurt in his feelings, wounded in his affections, or subjected to inconvenience, annoyance, discomfort, or even expense by a decree, does not entitle him to appeal from it, so long as he is not thereby concluded from asserting or defending his claims of personal or property rights in any proper court." 2 R. C. L. p. 52.

The appeal of Arndt as a member of the board of county commissioners can not be maintained. Injunctive relief was sought against the county treasurer and against the *board of county commissioners* as a legal entity; and a temporary restraining order was granted enjoining the county treasurer and the defendants Keeler, Draper and Arndt, "as the *board of county commissioners.*" The county treasurer and the board of commissioners acquiesced in the ruling of the court. Only Arndt appealed. That he was permitted, over objection of respondents, to separately appear in the trial court, does not entitle Arndt, as a member of the board, against which injunctive relief was sought and granted, to maintain this appeal. The appeal, not having been taken or authorized by the

board in its official capacity, but by only one member thereof, is a nullity.

In holding that an appeal from a judgment against a board of county commissioners, rendered in an action involving its official powers and duties, can only be taken or authorized by the action of the board, and that individual members thereof can not appeal, the supreme court of Minnesota said:

"The action was commenced against the board of county commissioners in their corporate or official capacity, and, though the individual members were named as respondents, all steps in reference to the proceeding, either in defending it or appealing from a judgment therein, could be taken only by the official action of the board. If the action involved the right of the individual members, the position of appellants would be tenable; but as it does not, but only the board as an official body, the attempted appeal by two members on behalf of their associates was wholly ineffectual." *State ex rel. Erb v. Johnson,* 98 Minn. 17, 107 N. W. 404.

The appeal is dismissed.

BEALS, C. J., STEINERT, MAIN, and MITCHELL, JJ., concur.