**Jack RAY et al., Plaintiffs–Appellees,**

v.

**Harold E. TRAPP et al., Defendants–Appellants.**

Supreme Court of Tennessee.

Dec. 8, 1980.

Stanley G. Emert, Jr., Knoxville, for plaintiffs–appellees.

W. P. Boone Dougherty, Knoxville, for defendants appellants.

## OPINION

FONES, Justice.

Appellees' motion to dismiss the appeal presents the issue of whether individual members constituting a minority of a public body have standing to appeal where the public body, not the individuals, is the entity sued and aggrieved by the judgment of the trial court.

Appellees, the Anderson County Board of Education and Paul E. Bostic, individually and as Superintendent of Education of Anderson County, brought a declaratory judgment action against the Anderson County Election Commission, the Anderson County Commission, and the Attorney General of Tennessee [1] seeking to have a private act requiring that the Superintendent of Education of Anderson County be elected by the people declared unconstitutional. The members of the Election Commission and the members of the County Court were sued in their official capacities only. The trial court held that the act was constitutionally infirm and that the county referendum held to approve it was void. Neither the Anderson County Election Commission nor the Anderson County Court, the defendants, took any action authorizing the appeal. Two members of the five member election commission and five members of the thirteen member county court, individually, gave notice of appeal and executed an appeal bond. Neither their official capacities nor the Election Commission nor the County Court, as public entities, are referred to in the notice of appeal or the appeal bond. A county is not required to make an appeal bond. Tenn.R.Civ.P. 62.04.

### I.

This precise issue has not been addressed by the Tennessee Courts, but our sister

---

1. The Attorney General filed an "acknowledgement of notice" and exercised his discretion not to defend the constitutionality of this private act, as authorized by T.C.A. § 8–6–109(10).

states have uniformly denied standing to individual members of public bodies seeking to appeal judgments wherein the real party in interest in the litigation was the public body.

In *State ex rel. Erb v. Sweass, et al.*, 98 Minn. 17, 107 N.W. 404 (1906), the Supreme Court of Minnesota denied standing to appeal to two members of the Board of Commissioners of Redlake County. A petition to remove the county seat from Redlake Falls to Thief River Falls had been presented to the Board of County Commissioners of Redlake County, and they had refused to act upon said petition. The petitioners brought a mandamus action to compel the Board to hear and act upon their petition. Each member of the Board was named individually, personally served with process, and appeared and answered the mandamus action, which resulted in a judgment commanding the County Commission to meet on a designated date, consider the removal petition, and action thereon. No action was taken by the Board to authorize an appeal, but two members of the Board filed a notice of appeal attempting to obtain a review of the trial court judgment. In response to a motion to dismiss the appeal, the Supreme Court of Minnesota held that the action was against the Board of County Commissioners in their corporate or official capacity and that all steps in reference to the litigation either in defending or appealing could be taken only as directed by the official action of the Board and that the attempted appeal by two members was wholly ineffectual.

A similar result was reached by the Supreme Court of Washington in *Elterich v. Arndt*, 175 Wash. 562, 27 P.2d 1102 (1933). A restraining order was sought and obtained against the Board of County Commissioners of Clallam County to prevent the payment of certain warrants drawn against the general road and bridge fund of that county. Arndt "as a member of the Board of Commissioners of Clallam County, Washington, and as an individual, feeling himself aggrieved," appealed from the restraining order. A motion to dismiss the appeal was granted on the ground that as an individual Arndt did not have a substantial interest in the subject matter of the litigation and was not aggrieved or prejudiced as an individual by the restraining order issued by the trial court. The Supreme Court of Washington relied upon the reasoning of *State ex rel. Erb v. Sweaas, et al., supra,* and dismissed the appeal.

In the case of *In re Appointment of Special State's Attorneys, Rudman v. Grabavoy,* 42 Ill.App.3d 176, 1 Ill.Dec. 195, 356 N.E.2d 195 (1976), the Court of Appeals of Illinois reached a similar result. The State's attorney petitioned the circuit court requesting that it appoint four part–time special state attorneys, the budget request for whom had been deleted by the County Court. Although the statutes of Illinois authorized the circuit court to entertain an ex parte petition of that character, when Grabavoy, the Chairman of the County Board of Supervisors, sought to intervene as an individual and as Chairman of the Board, the Court granted leave to the County Board to intervene for the reason that it would be required to pay the special state attorneys, if appointed. The County Board did not intervene and the circuit court denied Grabavoy's petition to intervene and granted the state attorney's petition. Grabavoy's appeal presented the issues of whether he had standing to intervene in the trial court and standing to prosecute an appeal. The Illinois court answered both questions in the negative. In essence the Court's decision was predicated on these propositions: (1) Neither the County Supervisors nor the Board Chairman had any power to act individually because a duly adopted resolution of the Board of Supervisors was required to bind the county; (2) Grabavoy, individually, did not have an enforceable or recognizable right beyond a general interest in the subject matter to support his petition to intervene; (3) A person who was not a party of record in the trial court or not entitled to that status, as the trial court correctly adjudged Grabavoy, could not appeal unless he had a direct, immediate, and substantial interest in the subject matter of the litigation, which interest was prejudiced or aggrieved by the judgment sought to be reviewed.

The Illinois Court held that the county had such an interest but that Grabavoy, neither individually nor as its Chairman, had such an interest.

In *Buchele v. Woods*, 528 S.W.2d 95 (Tex. Civ.App.1975), the Court of Civil Appeals of Texas denied standing to appeal to three members of a seven member board of trustees of the San Augustine Independent School District. The three members asserted on appeal that they were named and sued in the trial court individually, as well as in their representative capacities, and therefore had standing to pursue the appeal as individually named defendants. The Court held that they were not prejudiced or aggrieved by the judgment in their individual capacities. The suit was brought to enjoin the school district from putting into effect an allegedly unlawful scheme of taxation for the year 1974, and the Court observed that the Board of Trustees and the School District were obviously the real parties in interest and the parties affected by the judgment.

In *Smuck v. Hobson*, 408 F.2d 175 (1969), the United States Court of Appeals, District of Columbia Circuit, denied standing to appeal to Smuck, a member of the Board of Education of the District of Columbia. The Board of Education in its official capacity did not appeal but a resigned superintendent of the district schools and several parents of school children joined Smuck in seeking a review of the district court judgment. The Court disposed of Smuck's standing as follows:

"We also find that Mr. Smuck has no appealable interest as a member of the Board of Education. While he has in that capacity a named defendant, the Board of Education was undeniably the principal figure and could have been sued alone as a collective entity. Appellant Smuck had a fair opportunity to participate in its defense, and in the decision not to appeal. Having done so, he has no separate interest as an individual in the litigation."

2. *See* 4 Am.Jur.2d *Appeal and Error* § 182 (1962).

II.

In Tennessee, a majority of all of the members of a county legislative body, not merely a majority of the quorum, is required to transact the business of the county. T.C.A. § 5-5-109.

The case of *Ezell v. The Justices of Giles County*, 40 Tenn. 583 (1859), did not involve the right of individual members of the County Court to appeal, but in considering the status of a member of the Court on the issue of his individual interests in the suit, the Court said:

"To be sure he was a Justice of the Peace of Giles County and the suit is in the name of himself and of the other Justices, who sue in that capacity, on their own behalf, as well as on behalf of the citizens of said county. But in legal effect, the suit is by the county of Giles, which is a public corporation, and it is this corporation and not the Justices of the Peace or citizens of the county, that is the *party* to the record. They have no *private* interest in the suit, and their names may be rejected as surplusage. If they were all to die it would not abate, and their personal representatives could claim no share in it." (Original Emphasis.) *Id.* at 586.

In *Massengill v. Massengill*, 36 Tenn.App. 385, 255 S.W.2d 1018 (1952), the Court of Appeals held that an appeal from a declaratory judgment would be dismissed where there was nothing in it prejudicial to the claimed right of the appellant, quoting the following with approval from 2 Am.Jur. *Appeal and Error* § 152 at 943-944:[2]

"In addition to the requirement of a substantial interest in the subject—matter of the litigation, it is essential, in order that a person may appeal or sue out a writ of error, that he shall be aggrieved or prejudiced by the judgment or decree. Appeals are not allowed for the purpose of settling abstract questions, however interesting or important to the public generally, but only to correct errors injuriously affecting the appellant." *Id.* at 388, 255 S.W.2d at 1019.

In *Peoples Bank v. Baxter*, 41 Tenn.App. 710, 298 S.W.2d 732 (1956), the Court of Appeals relied upon *Massengill* and section 9036, 1932 Code of Tennessee, now T.C.A. § 27–301, for the rule that only an aggrieved party may appeal and obtain a review of a chancery decree. Whether or not T.C.A. § 27–301 has been superseded by the Tennessee Rules of Appellate Procedure, we have no hesitancy in continuing the validity of that principle which is the prevailing judge–made rule, with the proviso that the legislature may carve out an exception by conferring upon parties who are not aggrieved, in the legal sense, a right of appeal. *See generally, State ex rel. Wilkerson v. Skinker*, 344 Mo. 359, 126 S.W.2d 1156 (1939), and 4 Am.Jur.2d *Appeal and Error* § 182 at 691–92 (1962).

■■■ Thus, Tennessee Courts have given recognition to the principles that undergird the cases cited herein from other jurisdictions denying standing to individuals and minority members of public bodies who seek to appeal litigation wherein the public body is the real party in interest, that is, the party aggrieved by the decree sought to be reviewed.

### III.

■■■■ As individuals, the minority members of the Election Commission and of the County Court are not aggrieved by an adjudication that the private act authorizing the people of Anderson County to elect the Superintendent of Education is unconstitutional or that it is constitutional, nor by the consequences that the act might have on Superintendent Bostic's contract with Anderson County. To qualify as a person aggrieved, in the legal sense, or as a person having a direct, immediate, and substantial interest in the subject matter of the litigation, a party must have a personal or property right to assert or defend in court in their own name, not a mere general interest in the subject matter of the litigation in common with other citizens of the county. *See Elterich v. Arndt, supra*, and *In re Appointment of Special State's Attorneys, Rudman v. Grabavoy, supra*.

The motion to dismiss the appeal is granted. Costs are adjudged against the appellants.

BROCK, C. J., and COOPER, HARBISON and DROWOTA, JJ., concur.