

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| BRANDON EDDINS, | ) | |
| | ) | No. 40103-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ASOTIN COUNTY, a municipal | ) | UNPUBLISHED OPINION |
| corporation, CITY OF CLARKSTON, a | ) | |
| municipal corporation, and HEATHER | ) | |
| HAYNES, | ) | |
| | ) | |
| Respondents. | ) | |

STAAB, A.C.J. — Brandon Eddins appeals from the trial court's order for permanent injunctive relief enjoining Asotin County (County) and the City of Clarkson (City) from releasing any public records regarding Heather Haynes to Eddins and anyone else. Eddins asserts that this language is a broad blanket denial of everyone's access to public records relating to Haynes, in violation of the Public Records Act (PRA), ch. 42.56 RCW and fails to comply with the requirements of Washington Superior Court Civil Rule (CR) 65(d). We decline to review this issue because Eddins lacks standing.

BACKGROUND

Haynes is the named victim of domestic violence crimes alleged to have been perpetrated by Brandon Eddins, including first degree burglary, stalking, and aiming or discharging a firearm or dangerous weapon. The charges were filed in Asotin County Superior Court against Eddins on February 23, 2022. A domestic violence no-contact order protecting Haynes from Eddins was subsequently ordered.

While awaiting his criminal trial, Eddins submitted a public records request asking the Clarkston Police Department (CPD) to mail him copies of all police reports that mentioned his name, Haynes's name, or the names of other listed individuals—whether mentioned together or separately. CPD sent Eddins a letter in response, which contained an estimated date that the requested records would be available. CPD also sent a letter to Haynes notifying her of CPD's intent to release the records requested by Eddins, in which she is a listed victim, with all victim identifiers redacted unless Haynes sought injunctive relief.

Haynes subsequently filed a complaint and motion for both immediate and permanent injunctive relief requesting the trial court enjoin Asotin County and CPD from releasing public records regarding Haynes to Eddins, pursuant to RCW 42.56.540. Haynes argued that Eddins's requests violated the domestic violence no-contact order and were nothing more than a blatant attempt to stalk, keep tabs on, and further traumatize Haynes. Haynes asserted that Eddins had a history of using public records to harass her.

Specifically, she pointed out that Eddins had previously obtained public records, which disclosed communications between Haynes and the victim advocate coordinator, and then posted these communications to a Facebook group called "LC Valley puttin snitches on blast." Rep. of Proc. (RP) at 6.

The trial court issued an ex parte order for temporary injunctive relief and set a future court date to consider whether the order should be extended. The same day as the ex parte order was issued, Eddins submitted a public records request to the City Public Works Department seeking building permits issued at Haynes's address.

Eddins subsequently sent a letter to Haynes's lawyer stating, "I would highly advise against this civil action. It's a complete waste of all our time. If [the judge] decides to put the injunction against me, this will not keep these records from being obtained through a private investigator." Clerk's Papers (CP) at 42, 45.

Several weeks later, the court held a hearing on Haynes's request for a temporary injunction. After outlining the allegations, Haynes's attorney advised the court of her intention to request permanent injunctive relief based on Eddins's intent to use third-parties to circumvent any injunction against him and indicated she would be moving to amend her complaint and seek to expand the injunctive relief to include any individuals or business entities acting on Eddins's behalf. The City voiced its concerns about its ability to comply with an injunction that prohibited it from disclosing records to unknown friends and associates of Eddins.

The trial court expressed its concern about enjoining unknown third persons from making requests on Eddins's behalf. The court noted that under CR 65(d), an injunction could only bind the parties to the action, their officers, agents, servants, employees, and attorneys. Ultimately, the trial court issued a written order that enjoined Asotin County and Clarkston Police Department "from releasing any information regarding Haynes to Eddins "and any other person making a public record's [sic] request for records pertaining to the Plaintiff pursuant to [ch. 42.56 RCW]." CP at 82-83.

Following the court's extension of the temporary injunction, Eddins filed a response to the lawsuit and a motion to dismiss. Eddins denied using the public records requests to stalk or harass Haynes, denied posting them to social media, and argued that he needed the public records to discredit Haynes as a witness in his upcoming criminal trial.

Haynes then filed the amended complaint for permanent injunctive relief pursuant to RCW 42.56.540, adding the City as a defendant and requesting the trial court enjoin the County and City from releasing any records relating to Haynes that are exempt from disclosure under RCW 42.56.240 and RCW 7.68.140. Haynes also requested the trial court enjoin Eddins from requesting any public records relating to Haynes based on her domestic violence no-contact order and ch. 9A.46 RCW.

In response, Eddins sent Haynes's attorney a letter stating that "Haynes is a [drug dealer] that I am going to expose no matter what. Nobody can [silence] me from telling

the truth no matter what, not even you." CP at 138. Haynes's attorney filed a declaration in the trial court and attached the letter.

The trial court then held a hearing on Haynes's amended complaint and request for permanent injunction. At this hearing, Haynes acknowledged that there was no authority for the court to enjoin an unknown third party from seeking public records pertaining to Haynes. In the alternative, Haynes, the County, and the City argued for an injunction permanently enjoining the County and City from releasing documents relating to Haynes to anyone. The parties asserted that Eddins was using public records requests as a way to harass and intimidate Haynes, and that Eddins admitted that he would continue to do so through third parties if an injunction against him was ordered.

Eddins denied that he was using public records requests to harass Haynes and insisted that he was only attempting to find evidence to discredit her. Eddins requested that the court void the temporary injunction, and "release [the] records of lies redacted today." RP at 38. He promised that should the documents be released redacted, they would not leave his hands.

The trial court maintained the temporary injunction and reserved its decision on a permanent injunction. The court noted its respect for the right to inspect public documents, but noted that Eddins actions made it very hard for the court "not to look at it as something other than a campaign of terror." RP at 49.

Eddins subsequently submitted another public records request to CPD asking for all police reports containing the name "Richard N. Williams" to be forwarded to him at the Asotin County Jail. The City responded via letter stating that it found a record that would have been responsive to the request, but that it could not be produced because it was covered by the injunction. Eddins sent a response letter arguing that the injunction was only for public records pertaining to a specific CPD report for Haynes, and that the requested records were "all part of [his] investigation into [Haynes and] others false reporting of alleged crimes" and that the withholding of such records prejudiced his criminal case. CP at 154.

The City filed a motion requesting the court determine whether the injunction covered the public record requested by Eddins. The trial court ruled that the records were protected by the injunction and ordered that they not be disclosed. The court explained that Eddins' request was another attempt to obtain records about Haynes and that his attorney could request information relevant to the criminal investigation through discovery.

The trial court subsequently issued an order for permanent injunctive relief. The order for permanent injunctive relief provides, in part:

> ORDERED, ADJUDGED, AND DECREED that the *Temporary Restraining Order*, signed July 11, 2023, enjoining Defendants Asotin County from releasing any information regarding the Plaintiff to Defendant Eddins pursuant to RCW 42.56.540 is to continue in full force in perpetuity and is supplemented by this Order. Further, Defendant City of Clarkston

6

was timely added as a named party, per the *Amended Complaint*, and shall
be additionally enjoined from releasing any information regarding the
Plaintiff to Defendant Eddins pursuant to RCW 42.56.54[0] (to continue in
full force in perpetuity).

It is further ORDERED, ADJUDGED, AND DECREED that
examination of those records sought by *anyone*, pursuant to RCW
42.56.540, would clearly <u>not</u> be in the public interest, would substantially
and irreparable damage Plaintiff, and would violate Plaintiff's right to
privacy as well as be both highly offensive to a reasonable person, and not
of legitimate public concern.

CP at 1-2.

Eddins timely appeals.

ANALYSIS

The only issue raised by Eddins on appeal is whether the court had authority to

issue a permanent injunction, preventing the County and the City from releasing records

sought by "anyone" if the records contain information about Haynes. He contends that

such an injunction is overbroad. Eddins does not contest the injunction's application to

him personally.

The three respondents submitted briefs raising various defenses. We find

persuasive the City's argument that review of this issue should be denied because the

issue is unpreserved and Eddins is not an aggrieved party and lacks standing to bring this

appeal on behalf of anyone but him.

"Only an aggrieved party may seek review by the appellate court." RAP 3.1.

Standing "serves to prevent a party from raising another person's legal right."

7

*Washington Fed'n of State Employees, Council 2 v. State*, 2 Wn.3d 1, 15, 534 P.3d 320 (2023). As the party seeking review, Eddins has the burden to show he has standing. *Benton County Water Conservancy Bd. v. Dep't of Ecology*, 3 Wn.3d 59, 67, 546 P.3d 394 (2024). Standing is a question of law that we review de novo. *Id.*

For a party to be aggrieved, the decision must adversely affect the party's property, pecuniary, personal rights, or impose a burden or obligation. *Randy Reynolds & Assocs., Inc. v. Harmon*, 193 Wn.2d 143, 150, 437 P.3d 677 (2019). "'[T]he mere fact that a person is hurt in [their] feelings, wounded in [their] affections, or subjected to inconvenience, annoyance, discomfort, or even expense by a decree, does not entitle [that party] to appeal from it.'" *Id.* at 150-51 (alterations in original) (internal quotation marks omitted) (quoting *Elterich v. Arndt*, 175 Wash. 562, 564, 27 P.2d 1102 (1933)).

Eddins fails to demonstrate that the injunction's application to others has any adverse affect on his rights or interests. Eddins assigns error only to that portion of the injunction that enjoins release of information to anyone other than himself. He does not challenge the portion of the order that enjoins the County and City from releasing information to him. Indeed, Eddins specifically requests remand for the trial court to modify the order "to only apply disclosure of [public records] regarding Haynes to Eddins; not records sought by anyone." Appellant's Br. at 4. However, Eddins' property, pecuniary, or personal rights are not substantially affected by this language, nor does it impose a burden or an obligation on him.

8

If this court granted the requested relief, Eddins' rights would not change and there would be no less burden or obligation imposed on him because the County and City would still be enjoined from releasing such records to Eddins or his agents. Therefore, Eddins does not have standing to challenge the injunction's application to others.

We dismiss Eddins's appeal for lack of standing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Murphy, J.