[No. 29440-4-III.   Division Three.   July 7, 2011.]

LOREN E. GRIFFITH, *Appellant,* v. THE EMPLOYMENT SECURITY
DEPARTMENT, *Respondent.*

2

*Genevieve Mann* (of *Powell Kuznetz and Parker*), for appellant.

*Robert M. McKenna, Attorney General*, and *Leah E. Harris, Assistant*, for respondent.

¶1 KORSMO, J. — Loren Griffith appeals the determination that he committed "misconduct" that disqualified him from receiving unemployment benefits. We affirm that determination.

## FACTS

¶2 In 2000, Mr. Griffith began working as a delivery driver for United Natural Foods West Inc. (employer) in Spokane. In 2007, he was disciplined for engaging in a verbal altercation with a customer. The employer warned

Mr. Griffith that he was responsible for representing the company in a positive light. In May 2009, he was disciplined for shouting at and threatening to stop delivery to a customer. That customer banned Mr. Griffith from its premises. The employer issued a final warning and informed him that further unacceptable conduct could result in termination. Commissioner's Record (CR) at 76.

¶3 In late July 2009, Mr. Griffith commented to an employee of a customer he regularly delivered to in Montana, "How is my favorite Jewish girl?" The customer complained and Mr. Griffith was suspended pending an investigation. During the investigation, Mr. Griffith indicated that he wished to apologize to the woman who had complained. His employer did not respond to this statement. Mr. Griffith then traveled from Spokane to the customer's store in Montana and sought to apologize. The customer told him she was busy and could not talk. Mr. Griffith told her he would wait outside. While he was waiting, other employees of the store came and told him to leave or they would call the authorities. He put a note on the woman's car and departed. The store subsequently called the employer and asked that Mr. Griffith be banned from its premises. The employer then terminated his employment.

¶4 Mr. Griffith applied for unemployment benefits. The Department of Employment Security (DES) initially granted benefits, but denied the claim after the employer supplied additional information. Mr. Griffith appealed, and an administrative law judge (ALJ) found that he was eligible for benefits. The employer petitioned the commissioner of DES for review. The commissioner reversed the ALJ. He adopted some of the ALJ's findings of fact while rejecting others. Mr. Griffith petitioned the superior court for review. In a memorandum decision, the court affirmed the commissioner. This appeal followed.

## ANALYSIS

¶5 Mr. Griffith challenges four of the commissioner's factual determinations, as well as the conclusion that his actions constituted misconduct. We will first discuss his factual challenges before review of his legal argument.

*Standard of Review*

¶6 Judicial review of employment benefits decisions is governed by Washington's Administrative Procedure Act (APA), chapter 34.05 RCW. *Smith v. Emp't Sec. Dep't*, 155 Wn. App. 24, 32, 226 P.3d 263 (2010). This court sits in the same position as the superior court and applies APA standards to the administrative record. *Id.* The commissioner's decision is considered *prima facie* correct. *Id.* The burden is on the party seeking to modify the ruling to demonstrate its invalidity. *Id.* (quoting RCW 34.05-.570(1)(a)). The court reviews the commissioner's ruling rather than the underlying ALJ decision, except to the extent that the commissioner adopts the ALJ's findings of fact. *Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 405-406, 858 P.2d 494 (1993) (recognizing that this standard is "somewhat at odds with the ordinary practice of appellate review" but deferring to the legislature's direction in RCW 34.05.464(4)).

¶7 The commissioner's findings of fact are reviewed for substantial evidence in the administrative record to support them. *Smith*, 155 Wn. App. at 32. Substantial evidence is that evidence that "would persuade a fair-minded person of the truth or correctness of the matter." *Id.* at 33. Unchallenged findings of fact are generally verities on appeal. *Id.*

¶8 This court reviews the commissioner's legal conclusions for errors of law. *Verizon Nw., Inc. v. Emp't Sec. Dep't*, 164 Wn.2d 909, 915, 194 P.3d 255 (2008). The court may substitute its view of the law for the commissioner's,

could have discharged Mr. Griffith for misconduct on either of the first two occasions. He was essentially on "probation" at the time he harmed the employer's interests again. The fact that he did not perceive his Montana actions to be as egregious as the first two incidents is of no moment.

¶21 He acted intentionally, if also mistakenly, and harmed his employer. He thus committed misconduct. The commissioner is affirmed.[3]

KULIK, C.J., and SIDDOWAY, J., concur.

---

[3] Because he did not prevail, Mr. Griffith is not entitled to attorney fees. RCW 50.32.160.