
**FILED
JUNE 7, 2018**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

In re the Matter of:                      )
                                          )        No.  35173-4-III (consolidated
KASANDRA GERIMONTE,                       )        with No. 35224-2-III)
                                          )
              Appellant,                  )
                                          )
       and                                )
                                          )        UNPUBLISHED OPINION
EMPLOYMENT SECURITY                       )
DEPARTMENT OF THE STATE OF                )
WASHINGTON,                               )
                                          )
              Appellant,                  )
                                          )
.      v.                                 )
                                          )
VALLEY PINES RETIREMENT HOME,             )
                                          )
              Respondent.                 )

FEARING, J. — Kasandra Gerimonte and the Washington State Employment

Security Department (ESD) appeal a superior court order reversing the ESD

Commissioner's (Commissioner) granting of unemployment compensation benefits to

Gerimonte.  Because the superior court reviewed new evidence and reweighed the

evidence before the ESD, we reverse and reinstate the award of benefits.

FACTS

The Valley Pines Retirement Home (Valley Pines) employed Kasandra Gerimonte, a certified nursing assistant, as a caregiver from March 2014 until April 26, 2016. The Washington State Administrative Code binds Valley Pines. One provision of the code reads that enumerated criminal convictions or pending criminal charges will disqualify an individual from unsupervised access to adults receiving geriatric services. A state statute mandates all retirement home caregivers undergo a background check before employment and every two years while working with vulnerable senior citizens.

Valley Pines does not have an employee handbook, nor does it maintain a set of written employee policies. The retirement home provides training and certification processes that allow caregivers to maintain licensing and employment.

Valley Pines first initiated a background check on Kasandra Gerimonte on April 8, 2014. Gerimonte indicated on her form authorizing the background investigation that she had no criminal convictions or pending charges against her. Valley Pines' background check did not reveal any disqualifying crimes, pending charges, or reports of theft. Valley Pines hired Gerimonte shortly thereafter.

In April 2016, Valley Pines conducted a second background check of Kasandra Gerimonte. The check found that the State of Washington filed charges against Gerimote on January 3, 2014. In completing the employment form authorizing the background check in April 2016, Gerimonte disclosed that she had pending theft charges. Gerimonte

allegedly deposited forged checks at a Numerica Credit Union branch in January 2014, before the first background check. Although the purported crimes occurred on January 3, 2014, according to Gerimonte, the State filed no charges until after the 2014 background check.

Kasandra Gerimonte entered a court authorized diversion program after the State brought theft charges in late 2014. The State would dismiss the charges if Gerimonte successfully completed the diversion program. Gerimonte did not notify Valley Pines of the pending charges until the 2016 background check. She asserts that no Valley Pines' rule or policy required her to voluntarily report her participation in the diversion program. Gerimonte never pled guilty to any charge.

When Valley Pines learned, in April 2016, of the pending theft charges against Kasandra Gerimonte, the retirement home discharged her from employment. Gerimonte applied for unemployment benefits, which the ESD initially denied. Kasandra Gerimonte appealed ESD's initial determination.

## PROCEDURE

An ESD administrative law judge conducted an evidentiary administrative hearing. James Lowell, Valley Pines manager, testified that the State charged Kasandra Gerimonte, in January 2014, before Gerimonte began employment with the retirement home. Gerimonte clarified that she committed the criminal act on January 3, 2014, but first learned of the criminal investigation or charges after she commenced work.

3

Gerimonte averred that the State filed no charges until January 2015. Gerimonte's

mother, Kristine Labelle, affirmed that the State did not file charges until seven or eight

months after January 2014. Labelle testified law enforcement conducted a lengthy

investigation, and Gerimonte did not know the State would file charges until it did so.

James Lowell testified that Valley Pines informs each employee, before

employment, of a policy about background authorizations adopted to comply with State

of Washington Department of Social and Health Services requirements. Kasandra

Gerimonte declared that Valley Pines never reviewed any handbook or policy regarding

criminal charges with her. Valley Pines provided no paperwork confirming any mention

of policies to Gerimonte. Gerimonte insisted she lacked knowledge of any obligation to

disclose possible future criminal charges.

The administrative law judge resolved, in favor of Kasandra Gerimonte, the

factual disputes as to the timing of the theft charges and the review of Valley Pines'

policies with Gerimonte. The judge found:

> Here, claimant answered all questions truthfully on both the 2014
> and 2016 background check authorizations. Claimant was unaware that she
> was being investigated about a theft charge and there were no pending
> charges when she filled out the 2014 background authorization. Following
> the 2014 background check but before the second background check,
> claimant learned of the incident and eventually entered a diversion program
> before the second background check was authorized.
>     . . . Employer's assertions aside, the claimant was unaware of any
> employer policy or rule requiring her to divulge her participation in a
> diversion program. Indeed, the employer provides no oral or written
> policies . . . to its new employees. It only requires that a W-4 and

4

background check authorization be filed [sic] out. Claimant's actions do not equate to a willful or wanton disregard of the rights, title, and interests of the employer.

Commissioner's Record at 116-17. The administrative law judge reversed ESD's initial finding and granted Gerimonte unemployment benefits.

Valley Pines petitioned the ESD Commissioner for reconsideration of the administrative law judge's decision. Valley Pines attached the cover of a police report to the petition, which report read that the State filed felony charges on October 22, 2014. Valley Pines never submitted this police report cover to the administrative law judge or Kasandra Gerimonte during the evidentiary hearing.

The ESD Commissioner declined to consider the police report because Valley Pines failed to submit the document during the administrative hearing. The Commissioner adopted the administrative law judge's findings of fact and conclusions of law and affirmed the administrative law judge's order.

Valley Pines appealed the ESD Commissioner's order to the superior court. The superior court reversed the Commissioner's decision. The superior court determined that substantial evidence did not support the Commissioner's finding that Kasandra Gerimonte lacked knowledge of being investigated for theft in April 2014. The superior court entered findings of fact, one of which reads:

> At the time she signed her background check, she knew she had been investigated by Numerica Credit Union for alleged forgery for passing bad checks on January 3, 2014, and was later interviewed by Spokane Police

5

Department. She knew at said time that the police were recommending
filing charges against her, and charges were ultimately filed against her.

Clerk's Papers at 41. The superior court also found that Gerimonte had documentation of

a pending criminal investigation on or before January 16, 2014. In so finding, the

superior court relied on the police cover sheet submitted by Valley Pines in its ESD

petition for reconsideration.

LAW AND ANALYSIS

Merits of Appeal

Kasandra Gerimonte and ESD appeal and assign error to the superior court's

findings. The two appealing parties primarily contend that the trial court erred when

entering new findings of fact and when reweighing the evidence by concluding that

Kasandra Gerimonte committed work-connected misconduct. We agree.

Washington's Administrative Procedure Act (APA), chapter 34.05 RCW, governs

judicial review of employment benefits. *Smith v. Employment Security Department*, 155

Wn. App. 24, 32, 226 P.3d 263 (2010). This appeals court sits in the same position as the

superior court and applies APA standards to the administrative record. *Smith v.*

*Employment Security Department*, 155 Wn. App. at 32. We deem the ESD

Commissioner's decision prima facie correct. *Smith v. Employment Security Department*,

155 Wn. App. at 32. The challenger to the ESD Commissioner's decision holds the

burden to demonstrate the decision's invalidity. *Smith v. Employment Security*

6

*Department*, 155 Wn. App. at 32; RCW 34.05.570(1)(a). This court reviews the Commissioner's ruling rather than the underlying administrative law judge's decision, but of course, if the Commissioner adopts the administrative law judge's findings of fact, we in essence review the administrative judge's findings. *Tapper v. Employment Security Department*, 122 Wn.2d 397, 405-06, 858 P.2d 494 (1993).

Findings of fact will be upheld when supported by substantial evidence. RCW 34.05.570(3)(e). Substantial evidence persuades a rational, fair-minded person of the truth of the finding. *Miller v. City of Tacoma*, 138 Wn.2d 318, 323, 979 P.2d 429 (1999). The reviewing court may not reweigh evidence or substitute its judgment on the credibility of witnesses. *Tapper v. Employment Security Department*, 122 Wn.2d at 403.

We review the ESD Commissioner's legal conclusions for errors of law. *Griffith v. Department of Employment Security*, 163 Wn. App. 1, 6, 259 P.3d 1111 (2011). The reviewing court may substitute its view of the law for the Commissioner's ruling, but we must give "substantial weight" to the Commissioner's interpretation due to the agency's special expertise. *Verizon Northwest, Inc. v. Employment Security Department*, 164 Wn.2d 909, 915, 194 P.3d 255 (2008).

The existence of misconduct is a mixed issue of fact and law. *Markam Group, Inc. v. Department of Employment Security*, 148 Wn. App. 555, 561, 200 P.3d 748 (2009). Whereas, we accord the factual findings of the agency deference, we subject the

7

process of applying the law to the facts to de novo review. *Tapper v. Employment Security Department*, 122 Wn.2d at 403.

Unemployed workers are eligible for benefits absent a statutory disqualification. *Safeco Insurance Companies v. Meyering*, 102 Wn.2d 385, 388-89, 687 P.2d 195 (1984). Employees who are terminated for "misconduct" are not eligible to receive unemployment benefits. RCW 50.20.060. Based on facts supported by substantial evidence, the ESD Commissioner properly concluded that Kasandra Gerimonte did not engage in misconduct.

Substantial evidence supports the Commissioner's finding that Kasandra Gerimonte lacked knowledge of any criminal investigation until 2015. Gerimonte testified the State charged her a year after the incident, or in 2015. Gerimonte's mother, Kristine Labelle, testified Gerimonte did not know of the charges until seven or eight months after January 2014, and, in the interim, questioned whether the State would ever charge her. The 2016 background check shows Gerimonte committed violations on January 3, 2014, but does not indicate when the State filed charges.

Kasandra Gerimonte responded honestly to both background check authorization questions. On April 8, 2014, Gerimonte answered that she had no pending criminal charges. Gerimonte and her mother both testified the State charged Gerimonte in late in 2014. In April 2016, after the State filed theft charges, Gerimonte responded honestly on her background authorization forms that she had a pending charge.

8

The ESD Commissioner, through the administrative law judge, did not abuse discretion when resolving factual questions in favor of Kassandra Gerimonte. Gerimonte lacked knowledge of any Valley Pines policy requiring her to report her participation in a diversion program to her employer. James Lowell did not provide Valley Pines employees with any employee handbook. Gerimonte testified repeatedly that Lowell never represented, orally or in writing, a requirement to report all pending charges. Lowell admitted Valley Pines does not maintain any written policy regarding reporting pending charges.

Valley Pines manager James Lowell asserted during the hearing that the retirement home's policy regarding pending charges was covered in the required trainings to become a certified nursing assistant. Lowell was unable to provide any evidence that Kasandra's Gerimonte's training covered that policy, however.

Kasandra Gerimonte reasonably decided to not share her participation in a diversion program with Valley Pines. Gerimonte did not know how a diversion program might affect pending charges in relation to her occupation, and Gerimonte could not discover such information because James Lowell never provided her with a copy or summary of corporate rules. Substantial evidence supported the ESD Commissioner's conclusion that Gerimonte lacked notice of any policy that required her to report to her employer involvement in a diversion program.

9

In turn, the ESD Commissioner correctly determined that Kasandra Gerimonte did not commit misconduct. "Misconduct" includes, in relevant part, "[w]illful or wanton disregard of the rights, title, and interests of the employer or a fellow employee." RCW 50.04.294(1)(a). "'Misconduct' does not include: . . . Good faith errors in judgment or discretion." RCW 50.04.294(3)(c).

Courts have concluded that "'willful misconduct'" means more than negligence. *Hamel v. Employment Security Department*, 93 Wn. App. 140, 146, 966 P.2d 1282 (1998). Willful misconduct contemplates an intentional act with knowledge that the act will likely result in serious injuries, or with reckless disregard of its probable consequences. *Hamel v. Employment Security Department*, 93 Wn. App. at 146. Actions or failures to act that are simply negligent, and not in defiance of a specific policy, do not constitute misconduct in the absence of a history of repetition after warnings. *Wilson v. Employment Security Department*, 87 Wn. App. 197, 199-200, 940 P.2d 269 (1997).

Kasandra Gerimonte's actions do not amount to misconduct. James Lowell failed to communicate to Gerimonte the required reporting of pending charges or participation in a diversion program. While Gerimonte's pending charge potentially endangered Valley Pines' business license, she cannot be faulted for failing to adhere to an unknown policy. At most, Gerimonte acted negligently in failing to report any pending charges.

The superior court may only review the findings of fact entered by the Commissioner and determine whether substantial evidence supports the findings. RCW

10

34.05.570(3)(e). RCW 34.05.562 allows the superior court to entertain new evidence in limited circumstances, but no such circumstances existed here.

The superior court erroneously relied on evidence not admitted into the Commissioner's record. The superior court found that Kasandra Gerimonte knew she had been investigated by Numerica Credit Union for alleged forgery for passing bad checks on January 3, 2014, that the police recommend the filing of charges against her, and that the State ultimately filed charges. This finding arises from the police report attached to Valley Pines' petition for reconsideration, not from evidence submitted during the administrative law judge hearing.

In addition to the police report cover arriving late, the cover was unsworn and not amenable to examination by the administrative law judge or Kasandra Gerimonte. The Commissioner properly refused to consider the police report cover for this additional reason.

Attorney Fees

Kasandra Gerimonte seeks recovery of reasonable attorney fees pursuant to RCW 50.32.160. Under this statute, an attorney representing an Employment Security Act claimant may be awarded a reasonable fee "if the decision of the commissioner shall be reversed or modified." RCW 50.32.160. Gerimonte seeks to have the Commissioner's decision affirmed, not modified or reversed. Unfortunately, the statute does not afford Gerimonte an award of fees. *Markam Group, Inc. v. Department of Employment*

11

No. 35173-4-III (Cons. w/ no. 35224-2-III)
*Gerimonte v. Employment Security Department*

*Security*, 148 Wn. App. 555 (2009).

## CONCLUSION

We reverse the superior court's ruling and reinstate the ESD Commissioner's ruling granting Kasandra Gerimonte unemployment benefits. We deny Gerimonte an award of reasonable attorney fees on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.