# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| GEORGE M. WALKER,<br><br>      Appellant,<br><br>    v.<br><br>STATE OF WASHINGTON,<br>EMPLOYMENT SECURITY<br>DEPARTMENT,<br><br>      Respondents. | No. 85060-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — George M. Walker appeals an order from the Commissioner's Review Office (CRO) affirming the decision of the Employment Security Department (ESD) denying his application for Pandemic Unemployment Assistance (PUA) under the Coronavirus Aid, Relief, and Economic Security (CARES) Act. Walker argues that the Commissioner erred when she determined he is not a "covered individual" under 15 U.S.C. § 9021(a)(3). We set aside the Commissioner's decision and remand the matter to ESD to grant Walker's application for PUA.

FACTS

At all times relevant herein, Walker worked as a "handyman," which included jobs such as demolition, concrete work, small engine repair, and various

other tasks.  In 2019, Walker's stated income was $10,000.  In 2020, the COVID-19 public health emergency limited Walker's ability to retain these jobs.  As a result, his stated income reduced to $5,000.  To make up for the loss of income, Walker filed an application for PUA.

ESD denied Walker's application for PUA.  Walker appealed the decision to an administrative law judge (ALJ) at the Office of Administrative Hearings, and requested a hearing.  At the hearing, Walker testified how there was limited work available to him due to the COVID-19 pandemic.  The ALJ repeated this testimony in his written decision, noting "The Claimant testified that the COVID-19 Pandemic has limited his work in that many elderly people, who he had done various work for over the years, essentially 'closed down' when the Pandemic started, preventing him from doing any work for them."  Acknowledging Walker's self-employment status, the ALJ also found that "the Claimant recognized $5,000 of earned income from 'farm labor and construction'" on his "tax year 2020 return."  Despite these findings, the ALJ concluded that "the Claimant is ineligible" for PUA.

Walker appealed the ALJ's decision to the CRO where a commissioner affirmed the ALJ's decision and adopted the ALJ's findings of fact and conclusions of law.  The Commissioner reasoned that because Walker did not substantiate his assertion that he was self-employed he was ineligible for PUA benefits.  In reaching this conclusion, the Commissioner noted that Walker "provided no receipts, 1099 forms or other indicia of any sort of self-employment activities at the hearing . . . beyond his own assertions."  Further, the

Commissioner noted "Washington has set out what evidence must be presented to show self-employment, and it is quite clear that [Walker] has failed to show any substantiation beyond his words, that he is self-employed." As a result, the Commissioner affirmed the ALJ's determination.

Walker appealed the Commissioner's decision to Thurston County superior court where direct review was granted under RCW 34.05.518. To expedite review, the matter was transferred to this division of the Court of Appeals.

ANALYSIS

A.    Standard of Review

Under the CARES Act, all levels of appeals made with regard to PUA "shall be conducted in the same manner and to the same extent as the applicable State would conduct appeals of determinations or redeterminations regarding rights to regular compensation under State law." 15 U.S.C. § 9021(c)(5)(B)(ii). The Washington Administrative Procedure Act (APA) governs judicial review of a final decision by an ESD Commissioner. *Verizon Nw., Inc. v. Emp't Sec. Dep't*, 164 Wn.2d 909, 915, 194 P.3d 255 (2008). The burden of demonstrating the invalidity of agency action is on the party asserting invalidity. RCW 34.05.570(1)(a). We review the Commissioner's ruling rather than the underlying ALJ's decision, but if the Commissioner adopts the ALJ's findings of fact, we review the ALJ's findings. *Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 405-06, 858 P.2d 494 (1993). We review the Commissioner's legal conclusions for errors of law, and we may reverse the Commissioner's decision if the

Commissioner based their decision on an error of law. RCW 34.05.570(3)(d); *Griffith v. Dep't of Emp't Sec.*, 163 Wn. App. 1, 6, 259 P.3d 1111 (2011). Applying the error of law standard, we review the agency record de novo. *Verizon Nw.*, 164 Wn.2d at 916.

B.      Pandemic Unemployment Assistance

To be eligible for PUA, Walker had to meet three requirements under the CARES Act. 15 U.S.C. § 9021(a)(3)(A)(i), (ii), and (iii); *see* Unemployment Insurance Program Letter (UIPL) No. 16-20, Change 4, attachment 1, at 4 (Jan. 8, 2021).[1] First, Walker was required to be ineligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation. 15 U.S.C. § 9021(a)(3)(A)(i). Second, Walker was required to self-certify that he is self-employed and otherwise able to work, but unable to work due to one of eleven COVID-19 related reasons enumerated in the statute. 15 U.S.C. § 9021(a)(3)(A)(ii). And third, Walker was required to provide documentation substantiating his self-employment. 15 U.S.C. § 9021(a)(3)(A)(iii). Because neither party disputes that Walker was ineligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation, we do not address the first requirement and focus instead on the two other requirements.

Regarding the second requirement—that Walker self-certify he is self-employed and otherwise able to work, but unable to work due to one of eleven

---

[1] https://www.dol.gov/sites/dolgov/files/ETA/advisories/UIPL/2021/UIPL_16-20_Change_4.pdf (last visited October 9, 2023).

COVID-19 related reasons enumerated in the statute (15 U.S.C. § 9021(a)(3)(A)(ii)(I)(aa)-(kk))—Walker argues he satisfies 15 U.S.C. § 9021(a)(3)(A)(ii)(I)(kk) (hereinafter "section kk"). This provision requires Walker to self-certify that he is able to work, but unable to work due to his "customary work activities" being "severely limited by the COVID-19 public health emergency." UIPL No. 16-20, Change 2, at 2 (July. 21, 2020).[2] We conclude that Walker meets the requirements of section kk.

The Department of Labor (DOL) advised State Workforce Agencies in an Unemployment Insurance Program Letter (UIPL) that section kk provides PUA coverage for "independent contractor[s] whose ability to continue performing [their] customary work activities [are] severely limited because of the COVID-19 public health emergency." *Id*. The same letter goes on to explain "an independent contractor who experiences a 'significant diminution of work as a result of COVID-19' may be eligible for PUA." *Id.*

DOL defines "self-employed individual" as "an individual whose primary reliance for income is on the performance of services in the individual's own business, or on the individual's own farm." 20 C.F.R. § 625.2(n). DOL expanded the definition to include "independent contractors, gig economy workers, and workers for certain religious entities." UIPL No. 16-20, attachment 1, at 3 (April 5, 2020).[3] Walker testified at the hearing before the ALJ that he is an

---

[2] https://www.dol.gov/sites/dolgov/files/ETA/advisories/UIPL/2020/UIPL_16-20_Change_2.pdf (last visited Oct. 9, 2023).
[3] https://www.dol.gov/sites/dolgov/files/ETA/advisories/UIPL/2020/UIPL_16-20.pdf (last visited Oct. 9, 2023).

independent contractor who does various "handyman stuff" such as "small engine repair, demo work for buildings -- a farm -- a barn. . . . I did the concrete prep for a concrete pad."

Walker also testified that his opportunities to work were limited by the COVID-19 Pandemic. He explained that "[i]n [his] community, it's mostly elderly. And as soon as things started getting real with COVID, then everybody started, you know, shutting their doors." He testified that he was able to earn around $10,000 in 2019, and was only able to earn $5,000 in 2020. He testified that the COVID-19 pandemic limited his ability "to get any kind of work."

The ALJ accepted and agreed with Walker's testimony. Summarizing the testimony, the ALJ's findings of fact indicate:

> 4. The Claimant has undertaken 'handyman jobs' for several years, including farm labor, construction, small engine repair and concrete prep.
> 5. The Claimant has worked for approximately 8 different people doing these odd jobs over the last few years.
> 6. The Claimant worked for Steve White and Lee Smith doing building demolition in 2020.
> 7. The Claimant testified that the COVID-19 Pandemic has limited his work in that many elderly people, who he had done various work for over the years, essentially 'closed down' . . . .

(Internal quotation marks omitted.) As confirmed by the ALJ's findings of fact, Walker was able to self-certify according to DOL's guidance that his "customary work activities" were "severely limited because of the COVID-19 public health emergency." *See* UIPL No. 16-20, Change 2, at 2 (July 21, 2020). On this record, the second requirement to be a covered individual for PUA is satisfied here.

Turning to the third requirement to receive PUA—that Walker provide

6

documentation substantiating his self-employment (15 U.S.C. § 9201(a)(3)(A)(iii))—DOL has advised that "documentation to substantiate employment or self-employment need only demonstrate the existence of employment or self-employment at some point between the start of the applicable tax year and the date of filing." UIPL No. 16-20, Change 4, attachment 1, at 10 (Jan. 8, 2021). The advice went on to list examples of acceptable documentation which included tax returns. *Id*. ESD likewise includes tax returns as acceptable forms of documentation to substantiate employment.[4]

Walker provided a tax return detailing his income in 2020. A tax return is one of the forms of documentation that DOL and ESD identified as acceptable to substantiate self-employment. *Id*. Because Walker provided documentation that was determined acceptable by DOL and ESD, the Commissioner erroneously applied 15 U.S.C. § 9021(a)(3)(A)(iii) when it concluded Walker's tax return was insufficient to substantiate his self-employment. Thus, all three requirements to be a covered individual for PUA are satisfied here.

Notwithstanding the above analysis, ESD argues that Walker's work was not self-employment as contemplated by the CARES Act because Walker's testimony revealed his work was "sporadic" and "intermittent." ESD likewise argues that the Commissioner correctly concluded that Walker's "infrequent casual labor is not employment or self-employment," and, as a result, Walker's "unemployment predates the COVID-19 pandemic and the [PUA] program." We

---

[4] The Washington Employment Security Department's website lists acceptable documents to substantiate self-employment at https://esd.wa.gov/unemployment/pua-documents-required (last visited October 6, 2023).

reject these arguments because the definition of self-employment does not exclude work that is "sporadic" and "intermittent." *See* 20 C.F.R. § 625.2(n). And the ALJ's own findings show that Walker was self-employed: "[t]he Claimant has undertaken 'handyman' jobs for several years, including farm labor, construction, small engine repair and concrete prep." The ALJ found that Walker testified that he earned around $10,000 in 2019, and recognized $5,000 of income in his tax return for 2020. Further, the ALJ's own findings show that Walker was able to self-certify that his own work was severely limited by the COVID-19 pandemic: "[Walker] testified that the COVID-19 Pandemic has limited his work in that many elderly people, who he had done various work for over the years, essentially 'closed down.'" As a result, contrary to ESD's arguments and the Commissioner's corresponding ruling, the ALJ's findings show Walker was able to self-certify under section kk.

At oral argument, ESD emphasized that DOL gave "States . . . [the] discretion to determine if the documentation an individual submits substantiates an individual's . . . self-employment" and argued that the Commissioner properly exercised that discretion. Wash. Court of Appeals oral argument, *Walker v. Emp't Sec. Dep't*, No. 85060-1-I (Sept. 28, 2023), at 16 min., 50 sec. through 17 min., 18 sec.; *see* UIPL No. 16-20, Change 4, attachment 1, at 11 (Jan. 8, 2021). The Commissioner did not exercise the discretion contemplated in DOL's guidance documents. Instead, the Commissioner concluded that Walker "failed to provide documentary evidence supporting self-employment" and added that Walker "failed to show any substantiation beyond his words, that he is self-

employed." Contrary to the Commissioner's ruling, Walker had provided a copy of his 2020 tax return, which both DOL and ESD listed as an acceptable form of documentation to substantiate self-employment. And while Walker prepared his own tax return, as many taxpayers do, he submitted it under penalty of perjury. 26 U.S.C. § 6065. ESD's argument that it had, and exercised, unfettered discretion to reject Walker's tax return as an unacceptable form of documentation thus fails.

As noted previously, our review here is governed by the APA, which states, "The court shall grant relief from an agency order in an adjudicative proceeding only if it determines that . . . [t]he agency has erroneously interpreted or applied the law." RCW 34.05.570(3)(d). Here, the agency erroneously interpreted and applied the law when it concluded that Walker had not met the three requirements to be eligible for PUA under section kk. Having found an error of law, RCW 34.05.574(1) provides the type of relief that this court may grant under the APA. The court may: "order an agency to take action required by law, order an agency to exercise discretion required by law, set aside agency action, enjoin or stay the agency action, remand the matter for further proceedings, or enter a declaratory judgment order." As RCW 34.05.574(1) permits, we set aside the Commissioner's decision and remand the matter to ESD to grant Walker's application for PUA under the CARES Act.[5]

---

[5] Walker also argues he satisfies another COVID-19 related reason, 15 U.S.C. § 9021(a)(3)(A)(ii)(I)(kk) (hereinafter "section dd"). Because we conclude that Walker is entitled to the relief he seeks under section kk, we need not reach Walker's argument under section dd.

C.      Attorney fees

Lastly, we decline to grant Walker's request for attorney fees.  RAP 18.1 requires a party to "devote a section of its opening brief to the request for [attorney] fees or expenses."  Walker failed to comply with RAP 18.1.  As a result, we deny Walker's request for attorney fees and costs.

_Feldman, J._

WE CONCUR:

_Coburn, J._                                        _Hazelrigg, A.C.J._