

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

ELHIER A. MONTIEL FLORES,      )
                                        )          No. 40638-5-III
                     Appellant,         )          consolidated with No. 40639-3-III
                                          )
     v.                            )
                                          )
WASHINGTON STATE                )          UNPUBLISHED OPINION
EMPLOYMENT SECURITY        )
DEPARTMENT,                   )
                                          )
                 Respondent.    )

COONEY, J. — Elhier Montiel Flores, a citizen of Mexico, appeals an Employment Security Department Commissioner's final decision that concluded he was ineligible for unemployment benefits after he relocated to Mexico and his work authorization expired. He further challenges the Department's redetermination of his eligibility for benefits between July and December 2024. Finding no error, we affirm.

BACKGROUND

Mr. Montiel Flores is a citizen of Mexico who lived and worked in the state of Washington pursuant to an Employment Authorization Card issued under the Deferred Action for Childhood Arrivals program. Mr. Montiel Flores quit his job in Washington and moved to Mexico in July 2023. His return to Mexico precluded him from legally re-entering the United States.

After leaving the United States, Mr. Montiel Flores received unemployment benefits from July 16 to December 16, 2023. The Department contacted Mr. Montiel Flores in early 2024 to inquire about his work authorization status. Mr. Montiel Flores informed the Department that he departed the United States on July 17, 2023, and that his work authorization had expired on February 10, 2024.

The Department thereafter denied Mr. Montiel Flores unemployment benefits, effective July 16, 2023, due to the expiration of his work authorization and his inability to be available for work as he was residing in Mexico. The Department further found Mr. Montiel Flores was at fault for the overpayments of benefits and would be liable for repayment.

Mr. Montiel Flores appealed to the Office of Administrative Hearings. An administrative law judge (ALJ) affirmed the Department's denial of benefits, noting that claimants who are not authorized to work in the United States are not available for work under RCW 50.20.010(1)(c). However, the ALJ found Mr. Montiel Flores was not at

fault for the overpayment of $11,066.00 in benefits he received from July 16 to December 16, 2023. The ALJ remanded for the Department to consider whether Mr. Montiel Flores was eligible for an overpayment waiver.

Mr. Montiel Flores appealed to the Department's commissioner. The commissioner affirmed the ALJ. In one decision, the commissioner concluded, in part, that Mr. Montiel Flores became ineligible for benefits under RCW 50.20.010(1)(c) when his work authorization expired on February 11, 2024. In a second decision, the commissioner determined Mr. Montiel Flores was ineligible for benefits as he left the United States and was not allowed to legally re-enter.

Mr. Montiel Flores petitioned the Thurston County Superior Court for review of both of the commissioner's decisions. The superior court transferred the petitions to this court under RCW 34.05.518. The petitions were consolidated for our review.

In his petitions for review, Mr. Montiel Flores claims the commissioner erred in denying him unemployment benefits after his work authorization had expired and in redetermining the benefits he received between July 16 and December 16, 2023.[1]

---

[1] Mr. Montiel Flores does not assign error, nor does he present any argument, to the commissioner's determination that he is ineligible for benefits because he is unable to lawfully re-enter the United States. "A party waives an assignment of error not adequately argued in its brief." *Milligan v. Thompson*, 110 Wn. App. 628, 635, 42 P.3d 418 (2002).

ANALYSIS

EXPIRATION OF WORK AUTHORIZATION

Mr. Montiel Flores claims the commissioner erred in denying him unemployment benefits for the period after his work authorization expired without first applying WAC 192-170-010(4). Specifically, Mr. Montiel Flores argues that he meets the criteria of WAC 192-170-010(4) because he is legally authorized to work in Mexico and is capable of working remotely. We disagree.

The Washington Administrative Procedure Act (APA), chapter 34.05 RCW, governs judicial review of a final decision issued by the Department. *Smith v. Emp't Sec. Dep't*, 155 Wn. App. 24, 32, 226 P.3d 263 (2010). On review, we stand in the same position as the superior court and apply the APA standards directly to the administrative record. *Id.* Our review focuses on the commissioner's decision rather than the underlying ALJ ruling except where the commissioner has expressly adopted the ALJ's factual findings. *Griffith v. Emp't Sec. Dep't*, 163 Wn. App. 1, 6, 259 P.3d 1111 (2011).

The commissioner's decision is prima facie correct, and the party challenging it bears the burden of showing invalidity. *Smith*, 155 Wn. App. at 32. We examine the commissioner's factual findings to determine whether they are supported by substantial evidence in the administrative record. *Griffith*, 163 Wn. App. at 6. Substantial evidence is evidence that would convince a fair-minded person of the truth or correctness of the disputed matter. *Id.* We review the commissioner's legal conclusions for errors of law.

4

*Id.* Although we may substitute our interpretation of the law for the commissioner's, we afford substantial weight to the commissioner's interpretation in recognition of the agency's particular expertise. *Id.* at 6-7.

Mr. Montiel Flores does not dispute that he is not a citizen of the United States nor that his authorization to work in the United States expired on February 11, 2024. Rather, Mr. Montiel Flores argues he was "available to work" under WAC 192-170-010(4) because he was legally authorized to work in Mexico and was capable of working remotely.[2]

In relevant part, WAC 192-170-010 provides:

> (4) If you are physically located outside of the United States, Puerto Rico, or the U.S. Virgin Islands, the department will consider you available for work if you meet the requirements of subsections (1) and (2) of this section, and:
> (a) You are legally authorized to work in the country in which you are physically located;
> (b) You are immediately available for work in the United States; or . . .

---

[2] Mr. Montiel Flores directs us to *Smith v. Employment Security Department*, 26 Wn. App. 2d 1, 525 P.3d 1019 (2023), and *In Re: Tobi A. Bet*, Emp Sec. Comm'r Dec.2d 1025, WL 10058671 (2019), to support his contention that the availability for remote work satisfies the requirement of being available to work. We are unpersuaded by these cases as neither indicate the claimant was not a citizen of the United States.

Mr. Montiel Flores contends that because he meets the requirements of subsection (4)(a), he is available for work for purposes of RCW 50.20.010(1)(c) and WAC 192-170-010(4). We are unpersuaded by his argument because it ignores federal authority.

Under 42 U.S.C. § 503(a)(12), the Secretary of Labor will "make no certification for payment to any State unless he finds that the law of such State" includes "[a] requirement that, as a condition of eligibility for regular compensation for any week, a claimant must be able to work, available to work, and actively seeking work." "Available for work in the United States" is defined in 20 C.F.R. § 604.5(f) as being "legally authorized to work that week in the United States by the appropriate agency of the United States government."

Mr. Montiel Flores agrees his authorization to work in the United States expired on February 11, 2024. Although the commissioner concluded Mr. Montiel Flores was ineligible for unemployment benefits under RCW 50.20.010(1)(c), we "apply the law to the facts de novo and may affirm on any legal ground supported by the record." *Cuesta v. Dep't of Emp. Sec*, 200 Wn. App. 560, 575, 402 P.3d 898 (2017). Mr. Montiel Flores has not been given the legal authority to work in the United States by an appropriate agency of the United States government after February 11, 2024. Absent the legal authorization to work in the United States, Mr. Montiel Flores was not "available for work" for purposes of RCW 50.20.010(1)(c) and WAC 192-170-010(4).

The commissioner did not err in concluding Mr. Montiel Flores was ineligible for unemployment benefits after his work authorization expired on February 11, 2024.

DEPARTMENT'S REDETERMINATION OF BENEFITS

Mr. Montiel Flores argues the Department's redetermination of the benefits he received between July 16 and December 16, 2023, violated the time limitations of RCW 50.20.160(3). The Department responds that Mr. Montiel Flores lacks standing to raise this issue on appeal as the commissioner decided the issue in his favor. We agree with the Department.

"A person can have no standing to appeal unless he has a substantial interest in the subject-matter of the litigation and is aggrieved or prejudiced by the judgment or decree." *Elterich v. Arndt*, 175 Wash. 562, 563, 27 P.2d 1102 (1933); RAP 3.1. A party is not considered to be aggrieved by a favorable decision. *Randy Reynolds & Assoc., Inc. v. Harmon*, 193 Wn.2d 143, 150, 437 P.3d 677 (2019).

Here, the commissioner concluded the Department had improperly redetermined Mr. Montiel Flores' eligibility for benefits. RCW 50.20.160(3). The commissioner found Mr. Montiel Flores had not engaged in fraud, misrepresentation, or nondisclosure and was therefore not liable for the overpayment of benefits. Because Mr. Montiel Flores is not aggrieved by the commissioner's ruling, he lacks standing to raise this issue on appeal.

7

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Cooney, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Staab, J.